IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOSE A. FRANCO, et al.,

      Plaintiffs,

  v.                                      Civil Action 2:17-cv-11
                                              Judge Michael H. Watson
                                              Magistrate Judge Jolson

FRESNO COUNTY, et al.,

      Defendants.

**ORDER AND REPORT AND RECOMMENDATION**

Plaintiff, Jose Franco, an Ohio resident who is proceeding without the assistance of counsel, brings this action against the County of Fresno, California, the Fresno County Department of Social Services ("DSS"), the City of Fresno, the City of Fresno Police Department ("FPD"), Officer Richard Hill, Officer Alvarado, Officer Daryll Van Duersen, Officers Does 1-10, Tiffany Gonzales-Remine, Rita Levalle, Ramon Garcia, Alyssa Cruz-Rodrigues, Lupe Rios, Sharam Peyvandi, Delfino Neira, Judge Brian M. Arax, L. Flores, Isaiah Peterson, Lourdes Espinosa, S. Moua, Does 1-25, Carlos Michael Rodriguez, and Irene Arrendondo-Rodriguez. (Doc. 1-1). This matter is before the Undersigned for consideration on Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 1) and the initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2).

Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a). Furthermore, having performed an initial screen and for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's claims.

## I. LEGAL STANDARD

Because Plaintiff proceeds *in forma pauperis*, the Court must dismiss the Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."  In reviewing the Complaint, the Court must construe it in favor of Plaintiff, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  On the other hand, a complaint that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient.  *Id*. (quoting *Twombly*, 550 U.S. at 555).  Although *pro se* complaints are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "basic pleading essentials" are still required.  *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

## II. DISCUSSION

Plaintiff asserts various state-law claims, as well as several federal claims, and seeks monetary damages, injunctive relief, and declaratory relief.  (Doc. 1-1 at 49, 54).  As an initial matter, Plaintiff attempts to bring this case on his behalf and on behalf of his wife, Serena I. Franco.  (*See id.*).  Although Plaintiff may bring the Complaint *pro se* on his own behalf, he cannot bring the Complaint on behalf of his wife.  *See, e.g.*, *United ex rel. Antoon v. Cleveland Clinic Found.*, 978 F. Supp. 2d 880, 894 (S.D. Ohio 2013) (noting that Plaintiff "may, of course,

bring a *pro se* complaint on behalf of himself, but he cannot bring a *pro se* complaint on behalf of another"). Consequently, the Court will consider only Plaintiff Jose Franco's claims.

### A. Federal Law Claims

#### 1) 42 U.S.C. § 1983 Claims Against Individuals

Plaintiff seeks to assert various claims under 42 U.S.C. § 1983 against all Social Worker Defendants, Police Defendants, and Does 1-25. (Doc. 1-1 at 24–31). The term "Social Worker Defendants" is not defined in the Complaint, but the Court assumes Plaintiff is referring to what he defined as "DSS Defendants" (*id.* at 3), which includes Tiffany Gonzales-Remine, Rita Levalle, Ramon Garcia, Alyssa Cruz-Rodriguez, Lupe Rios, and Sharam[1] Peyvandi, all of whom are being sued in their individual and official capacities. (*Id.* at 2–3). The Police Defendants are defined in the Complaint as Officer Richard Hill, Officer Alvarado, Officer Daryll Van Duersen, and Officer Does 1-3, all of whom are also being sued in their individual and official capacities. (*Id.* at 3–4).

First and foremost, Plaintiff makes no factual allegations against Does 1-25. Consequently, the Complaint does not contain sufficient factual matter to state a claim for relief under Rule 12(b)(6), and those claims fail. Fed. R. Civ. P. 12(b)(6); *see also Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002) (holding that claims against governmental officials must "allege facts that show the existence of the asserted constitutional rights violation recited in the complaint and what *each* defendant did to violate the asserted right") (emphasis in original).

Second, Plaintiff's claims for monetary damages against state actors in their official capacities are barred by the Eleventh Amendment, which prevents private citizens from suing "a state or its instrumentalities unless the state has given express consent." *Stein v. Mohr*, No. 2:15-

---

[1] The Complaint refers to this person as "Shawn Peyvandi," but the action was filed against a Sharam Peyvandi.

cv-2681, 2015 WL 5174980, at *3 (S.D. Ohio Sept. 4, 2015) (citing *Pennhurst St. Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1983); *Lawson v. Shelby Cty.*, 211 F.3d 331, 334 (6th Cir. 2000)).  Although Plaintiff has not named the State of California as a defendant, "[a] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office, which is no different from a suit against the State."  *McCoy v. Michigan*, 369 F. App'x 646, 654 (6th Cir. 2010) (internal quotations omitted) (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71(1989)).  Moreover, "[i]t is well established that § 1983 does not abrogate the Eleventh Amendment."  *Harrison v. Michigan*, No. 10-2185, 2013 WL 3455488, at *3 (6th Cir. July 10, 2013) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)).  California has not waived its sovereign immunity and thus is entitled to the protections of the Eleventh Amendment.  Accordingly, dismissal of Plaintiff's official capacity claims for monetary damages against Defendants Gonzales-Remine, Levalle, Garcia, Cruz-Rodriguez, Rios, Peyvandi, Officer Hill, Officer Alvarado, Officer Duersen, and Officer Does 1-3 is appropriate.  *Stein*, 2015 WL 5174980, at *3.

Finally, Plaintiff's § 1983 claims against the remaining Defendants in their individual capacity likewise fail.  In order to plead a cause of action under 42 U.S.C. § 1983, a plaintiff must plead two elements: "(1) a deprivation of a right secured by the Constitution or law of the United States (2) caused by a person acting under color of state law."  *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008) (citation omitted).  Several of Plaintiff's claims under § 1983 do not allege a right secured by the Constitution or law of the United States.  For example, Plaintiff alleges violations of his "due process right not to be subjected to false accusations on the basis of false evidence" and his right to be free from dishonesty of public employees.  (*Id.* at 27).  To the extent Plaintiff seeks relief from false

accusations or alleged dishonesty of public employees, these should be brought as a state-law tort claim for defamation, not a claim under § 1983. *Barksdale v. Miller*, No. 2:13-CV-282, 2013 WL 1363804, at *2 (S.D. Ohio Apr. 3, 2013), *report and recommendation adopted*, No. 2:13-CV-282, 2013 WL 1832675 (S.D. Ohio Apr. 30, 2013) (holding that a Plaintiff's allegations against Defendant for false accusations is a state-law tort claim for defamation, not a violation of any federal law).  Put simply, the claims fail "because there is no constitutionally protected interest," nor any federal law, protecting these asserted "rights." *Daniels v. Lisath*, No. 2:10-CV-00968, 2011 WL 2710786, at *1 (S.D. Ohio July 13, 2011).

Plaintiff's additional claims under § 1983 include warrantless seizure of his children (Doc. 1-1 at 24), a violation of his right to familial association (*id.* at 24), a violation of his right to privacy and family integrity (*id.*), unlawful search and detention (*id.* at 26), malicious prosecution (*id.* at 25), and excessive use of force (*id.* at 29–30). Despite the lengthy complaint, "Plaintiff fails to plead sufficient facts to state a facially plausible federal claim." *Horn v. Lithopolis City Police Dep't*, No. 2:12-cv-00267, 2012 WL 1537640, at *2 (S.D. Ohio May 1, 2012). Plaintiff relies on general assertions for all of these claims. For example, Plaintiff states that Defendants had a duty to not violate "the protection of parental rights, the right to privacy, family integrity and the right to familial relations." (Doc. 1-1 at 24). Other examples are as follows:

> Defendants, and each of them, were acting under color of state law when they acted, or knew and agreed and thereby conspired, to violate Plaintiff['s] civil rights by, but not limited to, intimidation, malicious prosecution, removing, detaining, and continuing to detain [Plaintiff's children] from the care, custody and control of their parents, without proper or just cause and/or authority, thereby violating Plaintiff's rights under the First, Fifth and Fourteenth Amendment.

(*Id.* at 25).

> Defendants also violated their civil rights by failing to adhere to the requirements of the Fourth Amendment of the United States constitution when they seized, detained, questioned, threatened, examined, and/or searched [Plaintiff's children] without the consent of their person, Plaintiff Parents, and without obtaining a prior court order or authorizing warrant.

(*Id.* at 25–26).

> Said city of Fresno public employees maliciously conspired to violate the civil rights of Plaintiff[], including violation of the Plaintiff's rights found in the Fourth and Fourteenth Amendment of the United States Constitution by, but not limited to, using excessive force to terrorize and seize the children . . . which was greater than was reasonable under the circumstances.

(*Id.* at 30).

These conclusory allegations and formulaic recitations of the causes of action are insufficient under *Iqbal* and *Twombly*. *See Horn*, 2012 WL 1537640, at *2. Further, even if Plaintiff had provided more detailed allegations, he fails to demonstrate a lack of probable cause relating to the alleged unlawful seizure and detention, as well as the malicious prosecution claim. *See Sykes v. Anderson*, 625 F.3d 294, 308 (6th Cir. 2010) (holding that to succeed on a malicious prosecution claim under § 1983, "the plaintiff must show that there was a lack of probable cause for the criminal prosecution"); *Jones v. Napoleon*, No. 15-13302, 2016 WL 98159, at *2 (E.D. Mich. Jan. 8, 2016) (holding the complaint failed "to state any plausible claim for unlawful detention or malicious prosecution" because Plaintiff failed to contend Defendants lacked probable cause). Accordingly, Plaintiff fails to state a federal claim against the above-listed Defendants in their individual capacities under § 1983.

### 2)  *Monell* Claims Against Municipalities

Plaintiff also brings "Monell-Related Claims" against DSS, the Director of DSS, Delfino Nierra, in his official capacity only, and Does 1-25 (Doc. 1-1 at 31–38). Although not explicit, it also appears Plaintiff is alleging claims against FPD.

6

The Supreme Court held in *Monell v. Dep't of Soc. Servs. of City of N.Y.*, that "municipalities are not completely immune from suit under § 1983." 436 U.S. 658, 701 (1978). However, the Court in *Monell* specified "that a municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Id.* at 691 (emphasis in original). Consequently, "a municipality is liable under § 1983 only if the challenged conduct occurs pursuant to a municipality's 'official policy,' such that the municipality's promulgation or adoption of the policy can be said to have caused one of its employees to violate the plaintiff's constitutional rights." *D'Ambrosio v. Marino*, 747 F.3d 378, 386 (6th Cir. 2014) (internal quotations omitted) (citing *Monell*, 436 U.S. at 692).

Accordingly, the Court must look to whether Plaintiff sufficiently alleged a municipal liability claim.

> To properly allege a municipal liability claim, a plaintiff must adequately allege (1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance [of] or acquiescence [to] federal rights violations.

*D'Ambrosio*, 747 F.3d at 386 (internal quotation marks omitted) (citing *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013).

It appears that Plaintiff attempts to establish his *Monell* claim in two of the four above-mentioned ways. Plaintiff first alleges that Defendants followed illegal official policies that existed at DSS and FPD. (Doc.1-1 at 33, 36). Second, Plaintiff claims that DSS, Defendant Nierra, and FPD Defendants acted "with deliberate indifference in implementing a policy of inadequate training and/or supervision, and or by failing to train and/or supervise its officer,

7

agents, and employees" (*id.* at 33, 37) and failed to "establish customs, policies, and practices" to protect parents and their children *(id.* at 32).

As to the first allegation, Plaintiff attempts to argue that both DSS and FPD have official policies of violating individuals' civil rights. However, to demonstrate this, Plaintiff must identify that the unconstitutional policy was "the moving force of the plaintiff's constitutional deprivation." *Meyers v. City of Cincinnati*, 14 F.3d 1115, 1120 (6th Cir. 1994). "[T]he Supreme Court ha[s] identified three means by which a plaintiff may establish such a policy:" (1) an officially promulgated policy as the term is commonly understood, (2) a pervasive custom or practice, or (3) a single act by an employee who has final policymaking authority with respect to the area in which the action was taken. *Id.* (citing *Monell*, 436 U.S. at 690; *Oklahoma City v. Tuttle*, 471 U.S. 808 (1985); *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480–81 (1986)). Plaintiff does not allege, nor does it appear, that any of these categories are applicable to this case. *Id.*

Second, establishing deliberate indifference in a failure-to-train claim "requires a showing of prior instances of unconstitutional conduct demonstrating that the municipality had ignored a history of abuse and was clearly on notice that the training in this particular area was deficient and likely to cause injury." *Burgess*, 735 F.3d at 478 (quoting *Miller v. Sanilac Cty.*, 606 F.3d 240, 255 (6th Cir. 2010) (internal quotations marks omitted). Here, Plaintiff does not set forth any allegations that there were prior instances of misconduct to show that DSS, FPD, or Defendant Nierra were on notice that training was inadequate and likely to cause injury.

Plaintiff's *Monell* claims thus fail to meet one of the "narrow theories that demonstrate the municipality's direct conduct in the deprivation of federal rights." *See Martin v. City of*

*Broadview Heights*, No. 1:08-cv-2165, 2011 WL 3648103, at *8 (N.D. Ohio Aug. 18, 2011). And Plaintiff fails to state a federal claim against a municipality under § 1983.

### B. State-Law Claims

In addition to asserting violations of his federal civil rights, Plaintiff's final seven bases for relief are rooted in state law. Plaintiff alleges a general violation of state civil rights, intentional infliction of emotional distress, negligent infliction of emotional distress, negligence, liability for children's tort, false imprisonment, and invasion of privacy. (*See* Doc. 1-1 at 40–49). The Sixth Circuit has held that "[i]f the federal claims are dismissed before trial, the state claims generally should be dismissed as well. *Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009). Accordingly, because the Undersigned recommends dismissal of all of Plaintiff's federal claims, it is further recommended that the Court decline to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims pursuant to 28 U.S.C. § 1367(c)(3).

### III. CONCLUSION

Based upon the foregoing, Plaintiff's request to proceed *in forma pauperis* (Doc. 1) is **GRANTED**. However, having performed an initial screen, for the reasons set forth above, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Complaint.

### Procedure on Objections to Report and Recommendation

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or

modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.


Date: February 23, 2017                                    /s/ Kimberly A. Jolson
                                                          KIMBERLY A. JOLSON
                                                          UNITED STATES MAGISTRATE JUDGE